# Sarah Stephens, Appellee, v. I. N. Elkins, Executor, etc., Appellant.

INSTRUCTIONS—*when as to right to reject testimony erroneous.* An instruction on this subject is erroneous which tells the jury that they have the right to believe all the testimony of a witness or to believe it in part or they may reject it altogether if they find from a consideration of all the evidence that such evidence is untrue or unreliable.

Assumpsit. Appeal from the Circuit Court of Johnson county; the

HON. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

SPANN & SPANN, COWAN & HUFFMAN and MANSFIELD, COWAN & BOULWARE, for appellant.

O. R. MORGAN, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee in an action in assumpsit recovered a judgment against appellant as executor of the estate of Joshua Elkins, deceased, for the sum of nine hundred dollars.

Appellee's claim was based on an alleged express contract with the testator to pay her one thousand dollars for services for taking care of him prior to his death, one hundred dollars of which she admitted had been paid. The testator for some time prior to his death was old, in feeble health, and required care and attention. He had no member of his family living with him. He had children but they were grown and living to themselves. Appellee was his granddaughter and was employed at St. Louis. On June 1, 1900, in response to a letter written by direction of the testator, she came to his home and nursed him until his death the following October. The evidence of a contract with the testator to pay appellee one thousand dollars for her services as claimed by her was in sharp conflict and as the case must be reversed and remanded for errors in law, we express no opinion as to the weight of the evidence.

The errors assigned question the ruling of the trial court upon the admissibility of evidence and the giving and refusing instructions.

A witness, Dolph Dunn, testified that prior to the testator's death he heard a conversation between the

testator and appellant, I. N. Elkins, in which the testator said to I. N. Elkins that he, the testator, owed appellee thirteen hundred dollars or fourteen hundred dollars, that they had got all their property except her and that he wanted I. N. to see that she got her pay after he died. In rebuttal of this testimony I. N. Elkins testified that no such conversation occurred between the testator and himself. The court on motion of appellee excluded this testimony of Elkins to which there was exception. The witness was competent and the evidence excluded was competent and material. We think its exclusion was prejudicial to appellant. Complaint is made of the conduct of appellee's counsel in repeatedly offering the evidence of appellee in denial of the testimony of witnesses who testified to conversations in her presence after the court had ruled her testimony was incompetent. The court's ruling was right and the offers were improper and if it is seen the jury is influenced by such offers it would be reversible error.

A witness, Alice Elkins, testified that shortly before the death of the testator he said to her that he never had any agreement with appellee. It was not sufficiently shown that the statement was made in the hearing of appellee. Complaint is made that the court excluded this testimony. The ruling was right. The declaration of the testator was not against interest but was self-serving and was not admissible.

It is also complained the court erred in admitting the testimony of Caroline Chapman, R. M. McCall, Thos. Isom, Victoria White, Simeon White and Dolph Dunn. The testimony of all these witnesses was relevant, tended in some degree to prove the issue and the weight of it was for the jury.

We have examined the instructions and as a series we think they fairly state the law except the third instruction given for appellee. It tells the jury they have the right to believe all the testimony of a witness or believe it in part or they may reject it altogether if

they find from a consideration of all the evidence that such evidence is untrue or unreliable.

We regard the instruction as wrong. The jury have no right to reject or disregard the entire testimony of a witness except where he has wilfully sworn falsely as to a material fact and is not corroborated by other credible evidence. Pollard v. The People, 69 Ill. 148. "It is the corrupt motive or the giving of false testimony knowing it to be false, that authorizes a jury to disregard the testimony of a witness and the court to so instruct them." Overtoom v. C. & E. I. R. R. Co., 181 id. 323.

For the errors above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*